# EXHIBIT "A"

1   Joshua H. Haffner, SBN 188652
    (jhh@haffnerlawyers.com)
2   Graham G. Lambert, Esq. SBN 303056
    gl@haffnerlawyers.com
3   HAFFNER LAW PC
    445 South Figueroa Street, Suite 2325
4   Los Angeles, California 90071
    Telephone: (213) 514-5681
5   Facsimile: (213) 514-5682

6   Paul Stevens, SBN: 163688
    (pstevens@stevenslc.com)
7   STEVENS, L.C.
    700 S. Flower Street, Suite 660
8   Los Angeles, California 90071
    Telephone: (213) 270-1211
9   Facsimile: (213) 270-1223

10   Attorneys for Plaintiffs JACQUELINE
    IBARRA, PATRICIA BARRERAS and All
11   Others Similarly Situated

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2017

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

PATRICIA BARRERAS, an individual,
JACQUELINE F. IBARRA , an individual,
on behalf of themselves and all others
similarly situated,

          Plaintiff,

    v.

WELLS FARGO & COMPANY, a
California Company; and DOES 1 through
50, inclusive,

          Defendants.

Case No.      BC 654620

CLASS ACTION COMPLAINT FOR:

(1)  FAILURE TO PROVIDE MEAL PERIODS;
(2)  FAILURE TO PROVIDE REST BREAKS;
(3)  FAILURE TO PAY OVERTIME WAGES;
(4)  FAILURE TO PAY MINIMUM WAGES;
(5)  FAILURE TO PAY ALL WAGES UPON SEPARATION;
(6)  FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;
(7)  FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD; AND
(8)  VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT ("UCL"), *BUS. & PROF. CODE* §17200, *et seq.* ..

DEMAND FOR JURY TRIAL

1         Plaintiffs Patricia Barreras and Jacqueline Ibarra and ("Plaintiffs") are informed and

2    believe, and on that basis allege, as follows:

3                   <u>NATURE OF THE ACTION</u>

4        1.     This is a California state-wide class action for wage and labor violations arising

5    out of, among other things, Defendant Wells Fargo & Company's ("Defendant") failure to

6    compensate its mortgage sales force in compliance with California law.  As more fully described

7    herein, Defendant pays Plaintiffs and class members based on a sales commission, and fails to

8    pay them for all time worked, provide and/or or compensate them for meal and rest breaks, and

9    engages in other Labor Code violations.

10        2.     Plaintiffs seek among other things, all wages, restitutionary disgorgement, and

11   statutory penalties.  Plaintiffs seek to represent the following Class:

12             All current or former California residents who worked for Defendant

13            selling mortgages at any time beginning four (4) years prior to the filing

14            of the Complaint through the date notice is mailed to the Class (the

15            "Class period").

16                       <u>PARTIES</u>

17        3.     Plaintiff Patricia Barreras was, at all relevant times, a resident and citizen of the

18    State of California.  Plaintiff Barreras was employed by Defendant as a mortgage broker in the

19    County of Los Angeles, State of California, during the liability period as alleged herein.

20        4.     Plaintiff Jacqueline F. Ibarra was, at all relevant times, a resident and citizen of

21    the State of California.  Plaintiff Ibarra was employed by Defendant as a mortgage broker in the

22    County of Los Angeles, State of California, during the liability period as alleged herein.

23        5.     Defendant Wells Fargo & Company ("Wells Fargo"), is a California corporation

24    licensed to do, and is doing, business in the State of California.  At all times relevant during the

25    liability period, Defendant Wells Fargo maintained and maintains its principal place of business

26    in San Francisco, California..

27        6.     Plaintiffs are currently ignorant of the true names and capacities, whether

28    individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious

2

1   names Does 1 through 50, inclusive, and therefore sue such defendants by such fictitious names.

2   Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said

3   fictitiously named defendants when their true names and capacities have been ascertained.

4   Plaintiffs are informed and believe and thereon alleges that each of the fictitiously named

5   defendants is legally responsible in some manner for the events and occurrences alleged herein,

6   and for the damages suffered by the Class.

7        7.    Plaintiffs are informed and believes and thereon alleges that all defendants,

8   including the fictitious Doe defendants, were at all relevant times acting as actual agents,

9   conspirators, ostensible agents, alter egos, partners and/or joint venturers and/or employees of all

10  other defendants, and that all acts alleged herein occurred within the course and scope of said

11  agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the

12  express and/or implied permission, knowledge, consent authorization and ratification of their co-

13  defendants; however, each of these allegations are deemed "alternative" theories whenever not

14  doing so would result in a contradiction with other allegations.

15                          **JURISDICTION AND VENUE**

16       8.    This Court has jurisdiction over the entire action by virtue of the fact that this is a

17  civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the

18  jurisdictional minimum of the Court.  The acts and omissions complained of in this action took

19  place in the State of California, and all Defendants reside in the state of California.  Venue is

20  proper because this is a class action, the acts and/or omissions complained of took place, in

21  whole or in part within the venue of this Court, and/or one or more Defendant resides within the

22  venue of this court.

23                          **FACTUAL ALLEGATIONS**

24       9.    Plaintiffs and the Class worked as "Mortgage Consultants" for Defendant selling

25  mortgages.  Defendant paid Plaintiffs and Class members based on a sales commission.

26  Defendant paid Plaintiffs and the Class members advances on commissions at approximately $12

27  per hour, but then clawed back the advances from the commissions.

28

CLASS ACTION COMPLAINT

10.     Defendant failed to pay Plaintiffs and Class members for all hours worked, including but not limited to, mandatory meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, attending events and galas, and working on "call night."   Plaintiffs and class members were frequently required to work off the clock at the knowing and explicit direction and order of Wells Fargo to complete their duties, including during evenings and weekends.

11.     Defendant did not pay Plaintiffs and the Class members minimum wages in accordance with law.  Further, when Class members worked shifts over eight (8) hours per day, or over forty (40) hours per week, Defendant did not pay them overtime in accordance with law.

12.     At all times during the liability period, Defendant failed to separately pay Plaintiffs and Class members for rest breaks.

13.     Plaintiffs and Class members' job duties were such that they were unable to take a duty free meal or rest break.  Defendant required Plaintiffs and class members to engage in a host of activities, including networking and marketing lunches, meetings, loan processing, training and coaching sessions, loan tracking, customer surveys, attending open houses, in addition to their sales duty, which duties and schedule did not allow for meal and rest breaks.

14.     Plaintiffs and Class members were assigned to and required to work shifts lasting over four (4) hours, and were not provided nor allowed to take a ten (10) minute, uninterrupted rest break during each such shift or four (4) hour work period.

15.     At all times during the liability period, Plaintiffs and the Class members were assigned to and required to work for periods lasting in excess of five (5) hours and were not provided or allowed to take a thirty (30) minute, uninterrupted, off-duty meal break.  Moreover, Plaintiffs and the Class members often worked and in excess of ten (10) hours without a second thirty (30) minute meal break.

16.     Defendant's conduct, as alleged herein, has caused Plaintiffs and Class members damages including, but not limited to, loss of wages and compensation.  Defendant is liable to Plaintiffs and the Class for failing to pay minimum wages, failing to pay overtime wages, failing to pay all wages owed on each pay period, failure to provide timely and accurate wage

4

1  statements, failure to pay all wages owed upon termination, and unfair competition.

2      17.    Plaintiffs are a member of and seeks to be the representative for the Class of

3  similarly situated employees who all have been exposed to, have suffered, and/or were permitted

4  to work under, Defendant's unlawful employment practices as alleged herein.

5                    CLASS DEFINITIONS AND CLASS ALLEGATIONS

6      18.    Plaintiffs bring this action on behalf of themselves , and on behalf of all others

7  similarly situated, and as a member of the Class defined as follows:

8              All current or former California residents who worked for Defendant

9              selling mortgages at any time beginning four (4) years prior to the filing

10             of the Complaint through the date notice is mailed to the Class (the

11             "Class period").

12     19.    Plaintiffs reserve the right to amend or otherwise alter the sub-class definitions

13 presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response

14 to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

15     20.    This action has been brought and may be properly maintained as a class action

16 pursuant to California Code of Civil Procedure § 382 and other applicable law, as follows:

17     21.    <u>Numerosity of the Class:</u>  Members of the Class are so numerous that their

18 individual joinder is impracticable.  The precise number of Class members and their addresses

19 are known to Plaintiffs or will be known to Plaintiffs through discovery.  Class members may be

20 notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

21     22.    <u>Existence of Predominance of Common Questions of Fact and Law:</u>

22 Common questions of law and fact exist as to all members of the Class. These questions

23 predominate over any questions affecting only individual Class members. These common legal

24 and factual questions include:

25         a.  Whether Defendant engaged in a pattern or practice of failing to pay Plaintiffs and

26             the members of the Class minimum wage for each hour worked or part thereof;

27         b.  Whether Defendant engaged in a pattern or practice of failing to pay Plaintiffs and

28             the members of the Class overtime wage for each hour in excess of eight (8) per day,

                                              5

1    or forty (40) per week, worked;

2        c.  Whether Defendant violated Labor Code § 226.7 and/or § 512 and engaged in a

3            pattern or practice of failing to provide timely, off-duty thirty (30) minute meal

4            periods to Plaintiffs and members of the Class who worked as mortgage brokers in

5            California during the Class period;

6        d.  Whether Defendant violated California Industrial Welfare Commission ("IWC")

7            Orders by failing to provide Plaintiffs and the members of the Class who worked as

8            mortgage salespersons in California during the Class period with timely off-duty

9            thirty (30) minute meal periods;

10      e.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7

11          by failing to provide ten (10) minute, uninterrupted rest periods as contemplated by

12          California law for work periods in excess of four (4) hours;

13      f.  Whether Defendant violated IWC Wage Order No. 4-2001 and Labor Code § 226.7

14          by engaging in a pattern or practice of failing to properly compensate Plaintiffs and

15          the members of the Class who worked as mortgage brokers in California during the

16          Class period for rest periods by paying based on a commission, without separately

17          paying Plaintiffs and Class members for rest breaks;

18      g.  Whether Defendant engaged in unfair practice and violated California Business and

19          Professions Code § 17200 by failing to provide and/or compensate Plaintiffs and the

20          members of the Class who worked as mortgage brokers in California during the

21          Class period with their statutory minimum wage and overtime;

22      h.  Whether Defendant engaged in unfair practice and violated California Business and

23          Professions Code § 17200 by failing to provide and/or compensate Plaintiffs and the

24          members of the Class who worked as mortgage brokers in California during the

25          Class period with their statutory off-duty meal and/or rest periods on a timely basis;

26      i.  Whether Defendant maintained accurate time records of time worked, including time

27          worked and off-duty thirty (30) minute meal breaks taken by Plaintiffs and members

28          of the Class, during the Class period in accordance with IWC Wage Orders;

CLASS ACTION COMPLAINT

j.  Whether Defendant violated Labor Code § 226 by issuing inaccurate itemized wage statements to Plaintiffs and members of the Class that failed to include payments for missed and/or on-duty meal and/or rest periods among wages earned throughout the Class period;

k.  Whether Defendants violated Labor Code § 226 by issuing inaccurate itemized wage statements to Plaintiffs and members of the Class that failed to accurately state the total hours worked, to the detriment of Plaintiffs and the Class;

l.  Whether Defendant violated Labor Code §§ 218.5, 204, 1197, and 1198 due to failure to compensate Plaintiffs and the Class for those acts Defendants required Plaintiffs and members of the Class to perform for the benefit of Defendants.

m.  The nature and extent of class-wide injury and measure of damages for the injury.

23.   **Typicality**: Plaintiffs' claims are typical of the claims of the members of the subclasses they represent because Plaintiff, as a mortgage consultant for Defendant, was exposed and subjected to the same unlawful business practices as other mortgage salespersons employed by Defendants during the liability period. Plaintiffs and the members of the class she represents sustained the same types of damages and losses.

24.   **Adequacy**: Plaintiffs are an adequate representatives of the Class they seeks to represent because their interests do not conflict with the interests of the members of the subclasses Plaintiffs seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation and Plaintiffs intend to prosecute this action vigorously. The interests of members of each Class will be fairly and adequately protected by Plaintiffs and their counsel.

25.   **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiffs and the Class members' claims. The violations of law were committed by Defendant in a uniform manner and class members were exposed to the same unlawful practices. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation

7

1    necessitated by Defendant's conduct.  Further, it would be virtually impossible for the Class

2    members to redress the wrongs done to them on an individual basis. Even if members of the

3    Class themselves could afford such individual litigation, the court system could not.

4    Individualized litigation increases the delay and expense to all parties and the court system, due

5    to the complex legal and factual issues of the case.  By contrast, the class action device presents

6    far fewer management difficulties, and provides the benefits of single adjudication, economy of

7    scale, and comprehensive supervision by a single court.

8        26.    The Class should also be certified because:

9            a. The prosecution of separate actions by individual members of the Class would

10   create a risk of inconsistent or varying adjudications with respect to individual Class members

11   which would establish incompatible standards of conduct for Defendants;

12           b. The prosecution of separate actions by individual members of the Class would

13   create a risk of adjudication with respect to them, which would, as a practical matter, be

14   dispositive of the interests of the other Class members not parties to the adjudications, or

15   substantially impair or impede their ability to protect their interests; and

16           c. Defendants have acted or refused to act on grounds generally applicable to the

17   Class, and/or the general public, thereby making appropriate final and injunctive relief with

18   respect to the Classes as a whole.

19                        **FIRST CAUSE OF ACTION**
20                **UNLAWFUL FAILURE TO PROVIDE MEAL PERIODS**
          **(Violation of Labor Code §§ 512 and 226.7; IWC Wage Order No. 4-2001, §11)**
21

22       27.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth

23   herein.

24       28.    California Labor Code § 226.7(a) provides, "No employer shall require any

25   employee to work during any meal or rest period mandated by an applicable order of the

26   Industrial Welfare Commission."

27       29.    IWC Order No. 4-2001(11)(A) provides, in relevant part: "No employer shall

28   employ any person for a work period of more than five (5) hours without a meal period of not

                                          8
                            CLASS ACTION COMPLAINT

1  less than 30 minutes, except that when a work period of not more than six (6) hours will

2  complete the day's work the meal period may be waived by mutual consent of the employer and

3  the employee."

4      30.    Section 512(a) of the California Labor Code provides, in relevant part, that: "An

5  employer may not employ an employee for a work period of more than five hours per day

6  without providing the employee with a meal period of not less than 30 minutes, except that if

7  the total work period per day of the employee is no more than six hours, the meal period may be

8  waived by mutual consent of both the employer and employee. An employer may not employ an

9  employee for a work period of more than 10 hours per day without providing the employee with

10  a second meal period of not less than 30 minutes, except that if the total hours worked is no

11  more than 12 hours, the second meal period may be waived by mutual consent of the employer

12  and the employee only if the first meal period was not waived."

13      31.    As alleged herein, Defendant failed to authorize and permit uninterrupted meal

14  breaks during the Class period. Plaintiffs and members of the Class were routinely required to

15  work without an uninterrupted meal break at the direction of Defendant and/or with Defendant's

16  knowledge and acquiescence.

17      32.    By its actions in requiring its employees to work through meal periods and/or its

18  failure to relieve mortgage salespersons of their duties for their off-duty meal periods,

19  Defendant has violated California Labor Code § 226.7 and § 11 of IWC Wage Order No. 4-

20  2001, and is liable to Plaintiffs and the Class.

21      33.    As a result of the unlawful acts of Defendant, Plaintiffs and the Class have been

22  deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code

23  § 226.7(b) and § 11 of IWC Wage Order No. 4-2001, in the amount of one additional hour of

24  pay at the employee's regular rate of compensation for each work period during each day in

25  which Defendant failed to provide its mortgage salespersons with timely statutory off-duty meal

26  periods.

27

28

9

## SECOND CAUSE OF ACTION
### UNLAWFUL FAILURE TO PROVIDE REST PERIODS
(Violation of Labor Code §§ 226.7, 512, and 1194; IWC Wage Order No. 4-2001, §12)

34.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

35.    California Labor Code § 226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

36.    IWC Order No.4-2001(12)(A) provides, in relevant part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work times is less than three and one-half hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

37.    IWC Order No. 9-2001 (12)(B) further provides, "If an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

38.    As alleged herein, Defendant failed to provide, authorize, and/or pay rest breaks during the Class period. Plaintiffs and members of the Class were routinely required to work through rest periods at the direction of Defendant and/or with Defendant's knowledge and acquiescence.  In addition, Defendant paid Plaintiff and class members based on a commission, and did not separately compensate them for their time.

39.    By their actions, Defendant violated § 12 of IWC Wage Order No. 4-2001 and California Labor Code § 226.7, and are liable to Plaintiffs and the Class.

40.    Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiff and all others similarly situated and such conduct has continued through the filing of this complaint.

CLASS ACTION COMPLAINT

41.     As a direct and proximate result of Defendant's unlawful action, Plaintiffs and the Class have been deprived of timely rest periods and/or were not paid for rest periods taking during the Class period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendant failed to provide employees with timely and/or paid rest periods.

### THIRD CAUSE OF ACTION
**UNLAWFUL FAILURE TO PAY MINIMUM WAGES**
**(Violation of Labor Code §§ 510, 1194, 1194.2, 1197; Wage Order No. 4-2001, §4)**

42.     Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

43.     Labor Code § 510 provides in relevant part: "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one work day and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

44.     Labor Code §1197 provides: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

45.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

11

CLASS ACTION COMPLAINT

46. Labor Code § 1194.2 provides in relevant part: "In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

47. Pursuant to IWC Wage Order No. 4-2001, at all times material hereto, "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, where or not required to do so."

48. At all times relevant during the liability period, under the provisions of Wage Order No. 4-2001, Plaintiff and each Class member should have received not less than the minimum wage in a sum according to proof for the time worked, but not compensated.

49. For all hours that Plaintiff and the Class members worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, Plaintiffs and the Class members are also entitled to their attorneys' fees, costs and interest according to proof.

50. At all times relevant during the liability period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiffs and Class members the amounts owed.

51. Defendant's unlawful conduct alleged herein occurred in the course of employment of Plaintiffs and all other similarly situated mortgage consultant, and Defendant has done so continuously throughout the filing of this complaint.

52. As a direct and proximate result of Defendant's violation of Labor Code §§ 510 and 1197, Plaintiffs and other Class members have suffered irreparable harm and money damages entitling them to damages, injunctive relief or restitution. Plaintiffs, on behalf of themselves and on behalf of the Class, seeks damages and all other relief allowable including all wages due while working as Defendant's mortgage consultant, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendant,

12

1    waiting time penalties pursuant to Labor Code § 200 *et seq.*

2        53.      Plaintiffs and the Class members are entitled to back pay, pre-judgment interest,

3    liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiffs and the

4    Class of members no longer employed, waiting time penalties pursuant to Labor Code § 1194.

5                           <u>FOURTH CAUSE OF ACTION</u>

6    <u>UNLAWFUL FAILURE TO PAY ALL OVERTIME AND DOUBLE TIME WAGES</u>
     (Violation of *Labor Code* §§ 510 and 1194; Wage Order No. 4-2001, § 3 )

7        54.      Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

8        55.      California *Labor Code* §510 provides that, "Any work in excess of eight hours in

9    one workday and any work in excess of 40 hours in any one workweek and the first eight hours

10   worked on the seventh day of work in any one workweek shall be compensated at the rate of no

11   less than one and one-half times the regular rate of pay for an employee. Any work in excess of

12   12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay

13   for an employee...."

14       56.      Section 3(a)(1) of Wage Order No. 4-2001 also mandates that employers pay one

15   and one-half times the employees' regular rate of pay for employees who work more than eight

16   (8) hours in a day or forty (40) hours in a week, and two times their regular rate of pay for any

17   work in excess of twelve (12) hours in one day.

18       57.      At all times relevant hereto, Plaintiffs and members of the Class were non-exempt

19   for purposes of the overtime and double pay requirements set forth in the Labor Code and Wage

20   Order No. 4-2001.  In addition, during the Class period, Plaintiffs and other members of the

21   Class consistently worked three (3) to five (5) days per week for ten (10) hours or more.

22       58.      Plaintiffs and the Class seek to recover unpaid overtime and double-time

23   compensation in an amount to be determined at trial.

24                           <u>FIFTH CAUSE OF ACTION</u>

25                <u>FAILURE TO PAY ALL WAGES DUE AT SEPARATION</u>
                       (Violation of Labor Code § 203)

26       59.      Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth

27   herein.

28

                                    13

60.    California Labor Code §§ 201 and 202 requires Defendant to pay all compensation due and owing to former mortgage salespersons at or around the time employment is terminated. Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

61.    At all times relevant during the liability period, Plaintiffs and the other members of the Class were employees of Defendants covered by Labor Code § 203.

62.    Plaintiffs and the Class were not paid for their work performed in excess of eight (8) hours per day, nor were they paid for their work time.

63.    Defendant willfully failed to pay Plaintiffs and other members of the Class who are no longer employed by Defendant for their uncompensated hours, uncompensated overtime, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with Defendant as required by California Labor Code §§ 201 and 202. As a result, Defendant is liable to Plaintiffs and other members of the Class who are no longer employed by Defendant for waiting time penalties amounting to thirty days wages for Plaintiffs and each such Class member pursuant to California Labor Code § 203.

<u>SIXTH CAUSE OF ACTION</u>
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**

64.    Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

65.    California Labor Code § 226(a) provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee..., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made      on written orders of the employee may be

14

1    aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

2    which the employee is paid, (7) the name of the employee and his or her social security number,

3    except that by January 1, 2008, only the last four digits of his or her social security number or

4    an employee identification number other than a social security number may be shown on the

5    itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all

6    applicable hourly rates in effect during the pay period and the corresponding number of hours

7    worked at each hourly rate by the employee."

8        66.    Labor Code § 226(e) provides that an employee is entitled to recover $50 for the

9    initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period,

10   as well as an award of costs and reasonable attorneys' fees, for all pay periods in which the

11   employer knowingly and intentionally failed to provide accurate itemized statements to the

12   employee causing the employee to suffer injury.

13       67.    Plaintiffs are informed, believe and thereon allege that at all times relevant

14   Defendant knowingly and intentionally failed to furnish and continues to knowingly and

15   intentionally fail to furnish Plaintiffs and each Class member with timely and accurate itemized

16   statements showing the gross wages earned by each of them, as required by Labor Code § 226

17   (a), in that the payments owed to Plaintiffs and the members of the Class for unpaid minimum

18   wages, unpaid overtime, and missed meal and rest periods, were not included in gross wages

19   earned by Plaintiffs and the Class.

20       68.    Defendant's failure to provide Plaintiffs and members of the Class with accurate

21   itemized wage statements during the Class period has caused Plaintiffs and members of the

22   Class to incur economic damages in that they were not aware that they were owed and not paid

23   compensation for missed rest periods and on-duty meal periods, for hours worked without pay,

24   and for overtime worked without pay. In addition, as set forth in Plaintiff's third cause of action,

25   Defendants provided inaccurate information regarding hours worked, which masked their

26   underpayment of wages to Plaintiffs and the Class.

27       69.    As a result of Defendant's issuance of inaccurate itemized wage statements to

28   Plaintiffs and members of the Class in violation of Labor Code § 226(a), Plaintiff and the

                                        15
_____
                            CLASS ACTION COMPLAINT

members of the Class are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

## SEVENTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD
### (Violation of Labor Code § 204)

70. Plaintiffs re-allege and incorporate all preceding paragraphs as if fully set forth herein.

71. California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

72. At all times relevant during the liability period, Defendant failed to pay Plaintiffs and the Class the full amount of all owed wages when due as required by California Labor Code § 204.

73. Defendant failed to pay Plaintiffs and other similarly situated employees all wages earned each pay period. Plaintiffs are informed, believe, and thereon allege, that at all times relevant during the liability period, Defendants maintained a policy or practice of not paying Plaintiffs and other similarly situated employees: (i) minimum wages for all hours worked; (ii) overtime wages for all overtime hours worked; and (iii) premium wages for all missed meal and rest periods.

74. As a result of Defendant's unlawful conduct, Plaintiffs and members of the each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to Plaintiffs but can be determined directly from Defendant's records or indirectly based on information from Defendants' records.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT
### (Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*)

75. Plaintiffs re-allege all preceding paragraphs as if fully set forth herein.

76. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

1       77.     Through its action alleged herein, Defendant has engaged in unfair competition

2 within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful,

3 unfair, and/or fraudulent business practices under the UCL.

4       78.     Defendant's unlawful conduct under the UCL includes, but is not limited to,

5 violating the statutes alleged herein. Defendant's unfair conduct under the UCL includes, but is

6 not limited to, failure to pay Class members wages and compensation they earned through labor

7 provided, and failing to otherwise compensate Class members, as alleged herein. Defendant's

8 fraudulent conduct includes, but is not limited to, issuing wage statements containing false

9 and/or misleading information about the time the Class members worked and the amount of

10 wages or compensation due.

11       79.     Plaintiffs have standing to assert this claim because he has suffered injury in fact

12 and has lost money as a result of Defendant's conduct.

13       80.     Plaintiffs and the Class seek restitutionary disgorgement from Defendant, and an

14 injunction prohibiting them from engaging in the unlawful, unfair, and/or fraudulent conduct

15 alleged herein.

16                                  **PRAYER**

17       WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated and

18 also on behalf of the general public, pray for judgment against Defendants as follows:

19       A. An order that this action may proceed and be maintained as a class action;

20       B. For all unpaid minimum wages and liquidated damages due to Plaintiffs and each

21           Class member on their minimum wage claim;

22       C. For all unpaid overtime wages and liquidated damages due to Plaintiffs and each

23           Class member on their overtime wage claim;

24       D. For one hour of wages due to Plaintiffs and each Class member for each work

25           period of more than four (4) hours when they did not receive an uninterrupted ten

26           (10) minute rest period;

27       E. For one hour of wages due to Plaintiffs and each Class member for each work

28           period of more than five (5) hours when they did not receive an uninterrupted

thirty (30) minute meal period;

F. For all statutory penalties including, but not limited to, under Labor Code §§ 223 and 226(e);

G. An order requiring Defendants to comply with Labor Code § 226(a) with respect to all currently employed members of the Class;

H. For restitutionary disgorgement pursuant to the UCL;

I. An order enjoining Defendants from further unfair and unlawful business practices in violation of Business & Professions Code §§ 17200 *et seq.*;

J. Prejudgment interest at the maximum legal rate;

K. Reasonable attorneys' fees;

L. Accounting of Defendants' records for the liability period;

M. General, special and consequential damages, to the extent allowed by law;

N. Costs of suit; and

O. Such other relief as the Court may deem just and proper.

DATED: March 17, 2017                    **HAFFNER LAW PC**

By: _____

Joshua H. Haffner
Attorneys for Plaintiffs and others
Similarly situated

CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs demands a trial by jury for himself and the Class members on all claims so triable.

DATED:  March 17, 2017                    **HAFFNER LAW PC**


By: _____
       Joshua H. Haffner
       Attorneys for Plaintiffs and others
       Similarly situated

CLASS ACTION COMPLAINT

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

<u>WELLS FARGO & COMPANY, a California Company;</u> and DOES 1
through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

PATRICIA BARRERAS, an individual, JACQUELINE F. IBARRA , an
individual, on behalf of themselves and all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 17 2017

Sherri R. Carter, Executive Officer/clerk

By Shaunya Bolden, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Los Angeles County Superior Court <br><br> 600 S. Commonwealth Ave <br> Los Angeles, CA 90005 | CASE NUMBER: <br> *(Número del Caso)* <br> BC 654620 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Haffner Law PC, 445 S. Figueroa Street, Suite 2325, Los Angeles, CA 90071. (213) 514-5681

| DATE: <br> *(Fecha)* MAR 17 2017 | SHERRI R. CARTER Clerk, by SHAUNYA BOLDEN , Deputy <br> *Secretario* *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wells Fargo & company, a California corporation

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3/22/17

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|