Joshua H. Haffner, SBN 188652
(jhh@haffnerlawyers.com)
Graham G. Lambert, Esq. SBN 303056
(gl@haffnerlawyers.com)
**HAFFNER LAW PC**
445 South Figueroa Street, Suite 2325
Los Angeles, California 90071
Telephone: (213) 514-5681
Facsimile: (213) 514-5682

Paul D. Stevens, SBN 207107
(pstevens@stevenslc.com)
**STEVENS LC**
700 S. Flower Street, Suite 660
Los Angeles, California 90017
Telephone: (213) 270-1211
Facsimile: (213) 270-1223

Attorneys for Plaintiffs JACQUELINE
IBARRA, and the CERTIFIED CLASS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE F. IBARRA, an individual on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NA.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: CV 17-04344-PA (ASx)<br><br>Judge: Hon. Percy Anderson<br><br>**CLASS COUNSELS' REPLY RE: MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AND AWARDING CLASS REPRESENTATIVE SERVICE AWARD**<br><br>Date:      October 1, 2018<br>Time:      1:30 p.m.<br>Crtrm:     9A |

**1**

CLASS COUNSELS' REPLY RE: MOTION FOR AN AWARD OF ATTORNEYS' FEES
AND COSTS AND AWARDING CLASS REPRESENTATIVE SERVICE AWARD

## I.      INTRODUCTION

As directed by the Court (Docket No. 68), and consistent with Fed. R. Civ. P. 23(h), notice of Class counsels' Motion for an Award of Attorneys' Fees and Costs and Awarding Class Representative Service Award (Docket No. 62)("Motion") was disseminated to the class.   The notice was sent direct mail and  provided: 1) the amount of attorneys' fees, costs and class representative service award requested; and 2) directed class members to a case specific   internet website, www.cptgroup.com/WellsFargoRestBreakLitigation, where Class members could view Class counsel's Motion, all supporting papers, Class counsel's time entries and the Court's Orders on liability and Judgement. (Docket No.s 66-3, 68 and 70).  Class members had the opportunity to object or comment regarding Class Counsel's Motion. (Docket No.s 66-3, 68). The deadline for class member comments or objections (September 4, 2018) has now been completed (Docket Nos. 68 ¶6, 70 ¶7).

In sum, there has been no opposition to the Motion filed and only one (1) comment\objection – in the form of a short letter\note and only as to the attorney fee request, not the class representative service award (Docket No. 71 ¶8, Exhibit 1). As set forth below, Class Counsel respectfully submit that an award of attorneys' fees at the Ninth Circuit's 25% "benchmark", and the service award requested, are appropriate.

## II.     ARGUMENT

### A.      The Reaction of the Class, Following Notice, Supports the Requested Attorneys' Fees and Service Award.

The reaction of the Class is a factor supporting approval of Class counsels' fee request.  See In re Heritage Bond Litig., 2005 WL 1594389, 15* (C.D. Cal. Jun. 10, 2005) (stating that "[t]he presence or absence of objections from the class is…a factor in determining the proper fee award,"); Taylor v. Shippers Transport Express,

1  Inc. (C.D. Cal., May 14, 2015, No. CV1302092BROPLAX) 2015 WL 12658458, at
2  *17. ("The reaction of the class is also relevant in determining the overall fairness
3  and reasonableness of an award of attorneys' fees").  Courts have found the absence
4  and or lack of objections from the class to support and justify a requested fee award.
5  See, In re Heritage Bond, supra, 2005 WL 1594389, 15* (C.D. Cal. Jun. 10, 2005)
6  (one objection out of 6,000 class members; concluding "that the lack of significant
7  objections to the requested fees justifies an award of one-third of the Settlement
8  Fund."); Taylor, supra, (C.D. Cal., May 14, 2015, No. CV1302092BROPLAX) 2015
9  WL 12658458, at *12 (finding the class reaction "overwhelmingly positive" where
10 only one (1) non-substantive objection and finding "this factor weighs in favor of
11 granting class counsel's one-third fee request"). Thieriot v. Celtic Ins. Co., 2011 WL
12 1522385, at *6 (N.D. Cal. Apr. 21, 2011) (finding "the fact that no members of the
13 390–person class objected to the proposed 33% fee award—which was also
14 communicated in the notice—supports an increase in the benchmark
15 rate."); Cohorst v. BRE Properties, Inc. (S.D. Cal., Nov. 14, 2011, No. 3:10-CV-
16 2666-JM-BGS) 2011 WL 7061923, at *21, (S.D. Cal., Jan. 18, 2012, No. 10CV2666
17 JM BGS) 2012 WL 153754 (opining that "since only one [o]bjector had disputed the
18 attorneys' fees and costs, the reaction of the Class fully supports the requested fee
19 award."); see also, Singer v. Becton Dickinson & Co., No. 08-CV-821-IEG (BLM),
20 2010 WL 2196104, at *9 (S.D. Cal. June 1, 2010) (noting that 33.33% fee request
21 was "especially" warranted "in light of the fact that not a single class member
22 objected to Plaintiff's counsel's" request).

23     Here, 4,464 Class Members were provided notice of Class counsel's Motion
24 and only one (1) comment\objection to Class Counsel's fee request was made and
25 no opposition to the motion was filed. (Docket No. 71 ¶8, Exhibit 1).[1]  Thus, this
26 factor supports the requested fee award.

27
28 [1] Additionally, Cass Counsel received 67 phone calls and emails from Class members, all of whom
expressed gratitude for Class counsel's efforts and the Orders of the Court, but wished to remain
to anonymous.  See Declaration of Paul D. Stevens, Esq., file concurrently herewith.

**B.     The Comment\Objection Provided No Basis For Any Downward Adjustment to the Benchmark.**

As set forth in Exhibit 1 to the Declaration of Kelsey Skey Re: Comments and Objections to Class Counsels' Motion for Attorney Fees and Costs and Awarding Class Representative Service Award (Docket 71), the one (1) comment\objection submitted, states the following:

> As a participant in obtaining an award in this lawsuit I feel 25% of a judgement of this amount is way out of hand for counsel to receive. I'm not going to say what amount is, but I will say that a fare [*sic*] and honest figure, I hope is awarded from Judge Percy, Thank you (Docket 71, Exhibit 1).

Respectfully, the objection submitted does not address any of the applicable factors or Class counsels' arguments as to why the request is justified under the applicable factors and circumstances of this case.  Given the general nature of the objection\comment, Class counsel will not regurgitate each argument from the Motion, but rather, address a few points in response.

First, as set forth in Class counsels' Motion, the benefit obtained for the class is considered the foremost consideration in determining the appropriate fee in a common fund case. In re Bluetooth Headset Prods. Liab. Lit., 654 F.3d 935, 942 (9th Cir. 2011).   Thus, ultimately the reasonableness of the fee "is determined primarily by reference to the *level of success* achieved by the plaintiff."  McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009).  Indeed, the Ninth Circuit has held that the relevant circumstances that could justify an *upward* departure from the 25 percent benchmark include the achievement of "exceptional results" for the class. Glass v. UBS Financial Services, Inc., 2007 WL 221862, *16 (N.D.Cal. 2007) (italics in original).  Here, Class Counsel achieved exceptional results for the class. These include the following:

- Did not settle but litigated through judgement.

- Obtained the maximum possible recovery. (Docket No. 62, p. 6-7).

- Obtained significant injunctive relief not accounted for in the Judgment amount that will benefit Class members and others going forward. (Id.)

- The amount awarded ($97 million) was not just a result of the size of the class but was attributable to Class counsel prevailing on their damages theory, which was an unsettled area of law at time of trial, but resulted in 4.3 times the amount of damages asserted by Wells Fargo ($22,622,807.27), and an additional $74,662,010.64 to the Class. (Docket No. 62, p. 6).

- Obtained significant individual recoveries, far above the typical class or wage and hour case - $21,710.51 average amongst all class members, more than 700 class members will receive $40,000 or more. (Docket No. 62, p. 6).

- Class Counsels' work and commitment have been significant and entirely contingent upon a successful result in this case. (Docket No. 62, p. 8, 9).

- Class Counsels' work, commitment and risk continue in order to preserve the Court's Orders and Judgement in response to Wells Fargo's appeal.  (Docket No. 62, p. 8, 9).

    The objection also does not properly consider how the fee requested compares with other results and fees awarded in other cases. As discussed in Class Counsel's moving papers, courts in the Ninth Circuit, California, and elsewhere regularly award fees of 25% and higher in common fund cases resolved through settlement, including in cases where there was only limited litigation and/or the percentage of potential relief achieved is far less than the recovery achieved here. (Docket No. 62, p. 12-14).   As also noted in the Motion, a recent California case found that a settlement that recovers 27% of the value of the case is a "percentage [that] is consistent with the recovery in other wage and hour class actions and there has been a decreasing trend since 2011 in the average individual settlement value per wage

and hour class action (from $1,475 in 2011 to $686 in 2014 to $253 through 2015)." Dynabursky v. Alliedbarton Security Services, LP, 2016 WL 8921915, *5 (C.D.Cal. 2016). (Docket No. 62, p. 12-14).  The results in this matter are far more significant than these averages and are exceptional.

In addition, the fee that Class Counsel seek—both as to the Class as a whole and as to each individual Class member—is directly proportional to the monetary benefits that Class Counsel achieved through their efforts (i.e., 25 cents of every dollar recovered).  The 25 percent fee requested is both appropriate and below what an individual class member would pay in a standard individual contingency fee agreement with the recoveries here. (Docket No. 62, p. 11-12); Boeing v. Van Gemert, 444 U.S. 472, 480 (1979) (attorneys' fees should be assessed against every class members' share); Chavez v. Netflix, Inc., 162 Cal. App. 4th 43, 65 (2008) (appropriate to look at what fee would be negotiated in the marketplace; noting that contingency fee agreements typically range from 20-40 %); Vizcaino v. Microsoft Corp., 290 F. 3d 1043, 1049 (9th Cir. 2002)(28% rate to be at or below the market rate).

In sum, as set forth in Class counsel's Motion, **all factors confirm the 25% benchmark fee award is appropriate** and that none of the "special circumstances" in Vizcaino, supra, 290 F. 3d 1043, 1047 (9th Cir. 2002), In re Bluetooth Headset Prods. Liab. Lit., 654 F.3d 935, 942 (9th Cir. 2011), Lealao v. Beneficial California, Inc., 82 Cal. App. 4th 19, 24 (2000) or In Re National Collegiate Athletic Association Grant-in-Aid Cap Antitrust Litigation, ("In Re NCAA") 2017 WL 6040065, *2 (N.D. Cal. 2017) as to what warrants a downward adjustment apply. (Docket 62, p. 14-16).  Class counsel did not obtain an early settlement with minimal effort.  Moreover, Class counsel did not recover de minimis amounts for class members. (Docket No. 62 p. 16).  Finally, the size of the fund and individual recoveries are not merely a windfall due to the size of the class, but are due to Class counsel prevailing on their damages theory in an unsettled area of law which resulted

in an over $74 million increase to the common fund (from $22,622,807.27 to $97,284,817.91). (Docket No. 62 p. 16). The results obtained for the Class were thus, directly related to the efforts of Class counsel and therefore supports a 25% benchmark award.

Moreover, a lodestar "cross-check" confirms the requested 25% benchmark fee here. Applying the benchmark against the two major factors of this case —the significant result ($97 million + additional benefits) and Class Counsels' efficiency in achieving it—produces a higher effective multiplier than if those factors were absent. Thus, the effective multiplier, while higher than the multiplier in the average case, would be a function of aligning Class counsel's time and multiplier, with the results. As set forth in Class Counsels' Motion, multipliers in this range and beyond have been found appropriate in several cases resolved through settlement and where only a fraction of potential damages were recovered for the class. (Docket No. 62, p. 21-22). When considering further that the attorney fee percentage being requested is effectively reduced by approximately half if the benefits that are not part of the common fund are taken into account (i.e., the change in Wells Fargo's rest break practices), a multiplier commensurate with 25% of the common fund is further justified.

Finally, substantial future work and continued risk will be required as Class counsel faces Wells Fargo's committed appellate efforts. (Motion, p. 20 fn 2). This will involve substantial future work and continued risk which further reduces the effective multiplier and compounds the already incurred burdens and risk.

## III.   CONCLUSION

Here, Class Counsel obtained an exceptional result in significantly less than typical time. A larger multiplier would thus be the function of Class counsel being more effective than typical and properly aligning Class Counsel's time and multiplier, with the results. As indicated in Class Counsels' Motion, a multiplier

commensurate with the 25% benchmark would be entirely consistent with California and Ninth Circuit law, and justified.   When considering further that the attorney fee percentage being requested is effectively reduced by approximately half if the benefits that are not part of the common fund (i.e., the change in Wells Fargo's rest break practices) are taken into account, as well as a further reduction for substantial future work in facing Wells Fargo's Appellate efforts, a multiplier commensurate with 25% of the common fund is further justified.

For the reasons set forth herein, Class counsel respectfully requests that the Court grant Class Counsels' Motion For An Award Of Attorneys' Fees And Costs And Awarding Class Representative Service Award.

Respectfully submitted.

DATED:  September 17, 2018          **HAFFNER LAW PC**

                                    By:   /s/ Joshua H. Haffner
                                          Joshua H. Haffner
                                          Graham G. Lambert

DATED:  September 17, 2018          **STEVENS, LC**

                                    By:   /s/ Paul D. Stevens
                                          Paul D. Stevens

                                          Attorneys for Plaintiff and the Class