# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE F. IBARRA, an individual; on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NA.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-4344 PA(ASx)<br><br>Assigned to Hon. Percy Anderson<br><br>**ORDER RE: PAYMENT OF JUDGMENT TO CLASS MEMBERS** |

SMRH:4841-9918-4322.1

-1-

# ORDER

After consideration of the Parties' July 2, 2020 report concerning compliance with the Ninth Circuit's order for payment of a portion of the judgment pending resolution of the *Ferra* case pending in the California Supreme Court, the Court finds the proposals in the report supported by good cause and, **IT IS HEREBY ORDERED as follows:**

1. On July 31, 2020, Wells Fargo shall deposit with the administrator, CPT Group, the sum of $25,696,122.35 ("the Fund"). This shall satisfy Wells Fargo's obligation to pay the existing portion of the judgment, subject to any later increase in the judgment as a result of guidance provided by the *Ferra* decision.

2. One fourth ($1/4^{th}$) of the Fund ($6,424,030.59) shall be held back to potentially pay attorney's fees to class counsel depending on the outcome of counsel's appeal of this Court's attorney's fee award.

3. The class representative incentive award of $10,000 shall be paid from the Fund.

4. All sums owed to CPT Group for administrative duties in this action shall be paid from the Fund. CPT Group shall submit to the Parties a monthly invoice detailing all administrative costs. CPT has estimated that its fees in connection with the work it must perform in connection with calculation, distribution and tax reporting of the current interim payout will be $ 30,000.00. That sum shall be held back and CPT shall be paid its actual invoices from the Fund as submitted up to that amount.

5. The remaining portion of the Fund (after subtracting the holdbacks for attorney's fees and administrative fees and the payment of the class representative inventive award) shall be distributed among the class members proportionally with each class members' share being based on the value of their respective rest period claims assuming that the hour of

pay for each unpaid rest period is measured at each employee's hourly rate as reflected on itemized wage statements (usually $12 per hour).

6. Any remaining sums in the Fund after payment to the class members shall be retained in an interest-bearing account and the terms of their distribution will await further order from the Court following issuance of the *Ferra* decision.

Dated: July 14, 2020.

_____
HONORABLE PERCY ANDERSON
United States District Judge